# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-899V
Filed:  March 16, 2017

| | |
|---|---|
| * * * * * * * * * * * * *  | Special Master Sanders |
| MICHAEL VANDERPOEL,         * | |
|                             * | Joint Stipulation on Damages; |
|              Petitioner,    * | Influenza ("Flu") Vaccine; Chronic |
|                             * | Inflammatory Demyelinating |
| v.                          * | Polyneuropathy ("CIDP"). |
|                             * | |
| SECRETARY OF HEALTH         * | |
| AND HUMAN SERVICES,         * | |
|                             * | |
|              Respondent.    * | |
| * * * * * * * * * * * * *  | |

Jerry A. Lindheim, Locks Law Firm, Philadelphia, PA, for Petitioner.
Linda S. Renzi, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On August 19, 2015, Michael Vanderpoel ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2012).  Petitioner alleged that as a result of an influenza ("flu") vaccine administered on October 14, 2014, he suffered from Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP").  *See* Stipulation for Award at ¶¶ 1-4, filed March 16, 2017.  Petitioner further alleged that he experienced symptoms of this injury for more than six months.  *Id.* at ¶ 4.

On March 16, 2017, the parties filed a stipulation in which they state that a decision should

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

be entered awarding compensation to Petitioner.  Respondent denies that the flu vaccine caused Petitioner's CIDP, or any other injury, and denies that Petitioner's current disabilities are the result of a vaccine-related injury.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

> **A lump sum of $300,006.85 in the form of a check payable to petitioner.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

*Id.* at ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| MICHAEL VANDERPOEL, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | No. 15-899V |
| | ) | Special Master |
| v. | ) | Herbrina Sanders |
| | ) | ECF |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Michael Vanerpoel, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to - 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a flu immunization on October 14, 2014.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffered Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as the result of the administration of the flu vaccine, and that he experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the flu vaccine caused petitioner's CIDP, or any other injury,

and denies that his current disabilities are sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

A lump sum of $300,006.85, in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. The payment made pursuant to paragraph 8 and any amounts awarded pursuant to

2

paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.   The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.   In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 14, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about August 19, 2015, in the United States Court of Federal Claims as petition No. 15-899V.

14.   If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.   If the special master fails to issue a decision in complete conformity with the terms of

3

this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's CIDP, or any other injury or his current disabilities.

18.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

4

Respectfully submitted,

**PETITIONER:**

MICHAEL VANDERPOEL

**ATTORNEY OF RECORD FOR
PETITIONER:**

JERRY A. LINDHEIM, ESQ.
The Curtis Center
601 Walnut Street, Suite 720 East
Philadelphia, PA  19106
(215) 893-3421

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

LINDA S. RENZI
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4133

Dated: March 16, 2017

5