# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-899V
Filed: May 16, 2017

| | |
|---|---|
| * * * * * * * * * * * * * | Special Master Sanders |
| MICHAEL VANDERPOEL,      * | |
|                          * | Attorneys' Fees and Costs; Adjusted Hourly |
| Petitioner,              * | Rates. |
|                          * | |
| v.                       * | |
|                          * | |
| SECRETARY OF HEALTH      * | |
| AND HUMAN SERVICES,      * | |
|                          * | |
| Respondent.              * | |
| * * * * * * * * * * * * * | |

Jerry A. Lindheim, Locks Law Firm, Philadelphia, PA, for Petitioner.
Linda S. Renzi, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 19, 2015, Michael Vanderpoel ("Petitioner") petitioned for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).[2] Petitioner alleged that the administration of an influenza ("flu") vaccine on October 14, 2014 caused him to suffer from chronic inflammatory demyelinating polyneuropathy ("CIDP"). Petition at 1, filed Aug. 19, 2015. On March 16, 2017, the undersigned issued a decision awarding compensation to Petitioner pursuant to the parties' joint stipulation. Decision, ECF No. 36.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

Case 1:15-vv-00899-UNJ   Document 42   Filed 06/12/17   Page 2 of 4

On April 14, 2017, Petitioner filed an application for attorneys' fees and costs. Petitioner requested attorneys' fees in the amount of $28,868.75 and attorneys' costs in the amount of $1,877.72. *See* Pet'r's Mot. Att'ys' Fees and Costs ("Mot.") at 1, ECF No. 38. Pursuant to General Order 9, Petitioner stated that he had not personally incurred any expenses during the prosecution of this claim. *Id.* at 14. Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2 (May 4, 2017), ECF No. 40. Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3. Petitioner did not file a reply thereafter.

For the reasons discussed below, the undersigned awards Petitioner $20,567.63 in attorneys' fees and $1,877.72 in attorneys' costs, for a total award of $22,445.35.

## I.     Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. See *Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

In *Avera*, the Federal Circuit determined that the forum of the Vaccine Act is Washington, D.C. 515 F.3d at 1348. The Federal Circuit also decided that the forum rate for attorneys' fees should generally apply in Program cases. *Id.* However, it created an exception pursuant to *Davis County*: where most of an attorney's work is performed outside of the forum and there is a "very significant difference" between the forum rate and the attorney's lower local rate, a court should calculate fees under the local rate. *Id.* at 1349. A court must first determine the forum rate, then

2

determine the local rate, and finally determine whether a "very significant difference" exists between them. *Davis Cty.*, 169 F.3d at 758.

### a. Hourly Rates

Special Masters have found it appropriate to award Philadelphia attorneys forum rates for their work in the Vaccine Program. *See Colagreco v. Sec'y of Health & Human Servs.*, No. 14-465V, 2016 WL 6518579 (Fed. Cl. Spec. Mstr. Sept. 26, 2016) (finding that "Muller Brazil's office is located in Dresher, Pennsylvania, which is near Philadelphia, Pennsylvania [and] Philadelphia attorneys have been awarded forum rates in the past for their work in the Vaccine Program"); *Rodd v. Sec'y of Health & Human Servs.*, No. 13-122V, 2016 WL 2727147, at *2 (Fed. Cl. Spec. Mstr. Apr. 13, 2016) (awarding a Philadelphia attorney with less than four years of legal experience the relevant *McCulloch* range, for an hourly rate of $225 per hour); *B.K. v. Sec'y of Health & Human Servs.*, No. 14-505V, 2016 WL 1594008, at *1 (Fed. Cl. Spec. Mstr. Mar. 28, 2016) (awarding the *McCulloch* rate of $275 per hour to a Philadelphia attorney with four to seven years' experience). Therefore, it is appropriate to apply the *McCulloch* forum rate ranges to the work performed by Mr. Lindheim and Mr. Weinstein, whose office is located in Philadelphia, Pennsylvania.

Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). Pursuant to *McCulloch*, a forum attorney with more than 20 years of experience may be awarded $350.00 to $425.00 per hour.[3] *Id.* An attorney with less than four years of experience, on the other hand, has a reasonable hourly rate between $150 and $225. *Id.*

In the instant case, Mr. Lindheim had been practicing for twenty-seven years in 2015. *See* Pet'r's Mot. at 10. Thus, he would fall within the $350 to $415 *McCulloch* range. Mr. Lindheim's requested hourly rate of $475.00 for work performed from 2015 to 2017 is outside the acceptable range. The undersigned finds that $382.50 is a reasonable hourly rate for Mr. Lindheim, given the considerable number of years he has practiced law and the relatively small number of cases he has had in the Vaccine Program. Likewise, Mr. Weinstein's requested hourly rate of $350.00 for work performed from 2015 to 2016 is outside of the usual range for attorneys with less than four years' experience. Mr. Weinstein had been practicing for two years in 2015 and would thus fall in the $150 to $225 *McCulloch* range. Pet'r's Mot. at 11. The undersigned finds that $187.50 is an appropriate hourly rate for Mr. Weinstein, since this is his first case in the program. Therefore, the total fee reductions for Mr. Lindheim and Mr. Weinstein are $3,686.12 and $4,615.00, respectively.

### b. Hours Expended

Petitioner requests compensation for 39.85 hours of work performed by Mr. Lindheim and

---

[3] The *McCulloch* rates have been updated on the Court's website: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2015-2016.pdf. For attorneys with 20 to 30 years of experience in practice, the hourly fee range is $350 to $415.

28.40 hours of work performed by Mr. Weinstein. On review of the billing record, the undersigned finds the number of hours expended reasonable.

### c. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $1,877.72 in attorneys' costs. The costs are associated with medical record retrieval, travel to meet experts, postage, expert expenses, and a filing fee. The undersigned finds them to be reasonable and awards them in full.

## II. Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $28,868.75 |
| (Reduction to Mr. Lindheim's Hourly Rate) | -$3,686.12 |
| (Reduction to Mr. Weinstein's Hourly Rate) | -$4,615.00 |
| **Attorneys' Fees Awarded** | **$20,567.63** |
| **Attorneys' Costs Awarded** | **$1,877.72** |
| **Total Attorneys' Fees and Costs Awarded** | **$22,445.35** |

The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable with the above reductions. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $22,445.35,[4] in the form of a check made payable jointly to Petitioner and Locks Law Firm, of Philadelphia, PA.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

/s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).